**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DAVID LAWRENCE BRUCE )<br>    2500 Wisconsin Avenue, NW #118 )<br>    Washington, DC 20007, )<br>            Plaintiff ) | Case No.  1:06CV00260 |
| ) | Judge Colleen Kollar-Kotelly |
| V. ) |  |
| "AILA" ELITOK, Esquire )<br>            Defendant ) |  |

**MOTION FOR SUMMARY JUDGEMENT, OR IN THE ALTERNATIVE
TO DISMISS FOR FAILURE TO STATE A CLAIM,
AND MOTION TO STRIKE COMPLAINT FROM THE RECORD**

Plaintiff, David Lawrence Bruce filed the above captioned claim and served it upon the named defendant, "Aila Elitok, Esquire" by certified mail, on February 14, 2006. For the reasons stated in the attached Memorandum of Points and Authorities, the recipient of said service hereby moves that Summary Judgement for the "Defendant" be awarded pursuant to F.R. Civ. P. 56, or in the alternative, that the complaint be dismissed for failure to state a claim under F.R. Civ. P. 12(b)(6), and that the entire compliant be stricken from the record pursuant to F.R. Civ. P. 12(f). A memorandum of points and authorities and a proposed Order granting it accompany this Motion. Because this is a dispositive motion, L CvR 7.1(m) does not require consultation with Plaintiff before filing.

For the foregoing reasons, and for other such reasons as may appear to the Court, "Defendant" asks that this Motion and the relief requested herein be granted.

                                                Respectfully submitted,

                                                _____
                                                F. Douglas Hartnett
                                                DC Bar # 466851
                                                Elitok and Hartnett at Law, LLC
                                                2428 Wisconsin Ave., NW
                                                Washington, DC 20007
                                                202-965-0529

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| DAVID LAWRENCE BRUCE )<br>    2500 Wisconsin Avenue, NW #118 )<br>    Washington, DC 20007, )<br>            Plaintiff ) <br> ) <br> ) <br>    V. ) <br> ) <br>"AILA" ELITOK, Esquire ) <br>            Defendant ) | Case No. 1:06CV00260 <br><br> Judge Colleen Kollar-Kotelly |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF "DEFENDANT'S"
MOTION FOR SUMMARY JUDGEMENT, OR IN THE ALTERNATIVE TO
DISMISS FOR FAILURE TO STATE A CLAIM,
AND
MOTION TO STRIKE COMPLAINT FROM THE RECORD**

I. Introduction

In the single page, hand written complaint, Plaintiff alleges either violations of or jurisdiction pursuant to 42 U.S.C. 1987 and theft of unspecified "securities," by "Elitok." Plaintiff filed the complaint and sent it by certified mail to the offices of Elitok and Hartnett, at Law, L.L.C. at 2428 Wisconsin Avenue, NW, Washington, DC.  Plaintiff fails to identify any individual more specifically than "Defendant Esquire Elitok," and refers to this individual with male-gender personal pronouns such as "his."  Plaintiff further alleges that the amount of the theft exceeds "$100 Million," but fails to provide any further information regarding these

-1-

securities, or how or when they were allegedly stolen. On the Complaint and on the Summons served with the complaint, the Plaintiff has written in "Aila" above the words, "Elitok, Esquire, Defendant."

## II. Statement of Facts

Plaintiff's complaint fails to accurately identify any know actual person who has committed the alleged theft of his securities. The complaint was served to the law offices of Elitok and Hartnett at Law, L.L.C. The principals of the firm include Mr. F. Douglas Hartnett and Ms. Eda S. Elitok. No one working for the firm has the first name "Aila." To the extent that Plaintiff may have mistaken Ms. Elitok's first name, her attached affidavit establishes that Ms. Elitok had never met, spoken with, or had any contact whatsoever with Plaintiff prior to this complaint. The first time Ms. Elitok had any contact whatsoever with the Plaintiff was following this complaint when on February 28, 2006, Plaintiff arrived unannounced at the firm office. Plaintiff never contacted Ms. Elitok or anyone else at the firm, in any capacity or context, prior to filing and serving this complaint.

Elitok and Hartnett at Law, LLC. is a firm specializing in employment litigation and immigration services. The firm has never handled securities, securities transactions, business transactions or other related legal services. Plaintiff has alleged no facts whatsoever, other than the summary allegation that "Elitok Esquire" has stolen his securities, to indicate any involvement or contact by anyone associated with the firm. Nor does he specifically identify the securities allegedly stolen, or how "Elitok Esquire," accomplished this alleged theft.

"Defendant" has submitted the attached sworn affidavit attesting to the fact that she is unfamiliar with the Plaintiff, and as such, has no knowledge of the vague allegations in the

complaint.

### III Argument.

A. Summary Judgement is Appropriate in this case.

The Motion for Summary Judgement should be granted because Plaintiff has failed to make even the barest factual allegation supporting the claim against "Defendant." He has made only vague, unsubstantiated allegations against individuals he cannot even properly identify. His complaint is utterly insufficient in terms of stating any specific damages, or conduct by "Defendant" that constitutes civil or criminal wrongdoing against Plaintiff. Based on the facts sworn to in the attached affidavit by "Defendant" Eda Elitok, and the Plaintiff's failure to allege even the barest facts necessary for any reasonable fact-finder to find the allegations in the complaint credible, summary judgement for the "defendant" is warranted.

B. In the Alternative, the Motion to Dismiss for Failure to State a Claim should be granted.

In the alternative, the Motion to Dismiss for Failure to State a Claim should be granted because the complaint fails to make sufficient factual allegations to provide even a scintilla of evidence supporting of his claim against "Defendant." No common law or statutory cause of action is identified, much less facts constituting the prima facie elements of any such civil claim. Plaintiff provides no information on what, if any, contact or relationship existed between the "Defendant" and himself, or how the alleged theft occurred or even what, exactly, was stolen.

The "Defendant's" attached sworn affidavit establishes that no relationship or contact existed between Plaintiff and "Elitok Esquire," prior to this complaint being served to the law offices of Elitok and Hartnett at Law. Unless plaintiff can allege facts or information refuting the attached sworn statement establishing that "Defendant" has had no previous contact with

Plaintiff, and therefore no opportunity to commit the alleged wrongs against him, dismissal of the claim is appropriate.

C. The Motion to Strike the Entire Complaint should be Granted.

Because this complaint is so utterly devoid of factual allegations establishing even a shred of supporting facts or evidence, "Defendant" requests that the entire complaint be stricken from the record. The record of the allegation that "Elitok, Esquire," engaged in the conduct alleged in the complaint can have a damaging effect on the reputation and good name of Eda Elitok, and the firm Elitok and Hartnett at Law, LLC. Because the vague allegations in the complaint are utterly without factual support and are clearly frivolous, allowing them to remain on the record will result in the perpetuation of these baseless and outrageous allegations. Allegations of theft are particularly damaging to attorneys, who must rely on their personal and professional reputation for integrity and honesty in order to acquire and retain clients. Further, allegations such as those in the instant complaint can lead to untold complications, unnecessary explanations and the necessity to defend against disciplinary action resulting either from complaints to, or initiated by, the state bars where the attorney is licenced to practice law. Further, the fact of complaints such as this being a matter of public record will have a negative impact on the rating of the law firm of Elitok & Hartnett at Law by various commercial organizations which evaluate or rate professional service providers. Also the Court has apparently classified this complaint as "Personal Injury/Malpractice." This is especially harmful because it could effect the firms malpractice insurance rates or ability to obtain or maintain malpractice insurance. At a minimum, the firm will be required to report that it has been sued in any questionnaires or surveys it fills out for insurance providers or other professional service

providers.

    If plaintiff could establish even a shred of evidence linking "Elitok Esquire," to the wrongdoing alleged, or even the Plaintiff himself in any context whatsoever, Defendant would not ask for this unusual remedy.  Because of the utterly frivolous nature of this complaint and the potential damage to "defendant's" personal and professional reputation should this complaint remain a matter of public record, striking this complaint is appropriate and justified.

    Therefore, for the reasons stated above, Defendant respectfully requests that the Court grant the Motion for Summary Judgement for Defendant, or in the alternative Dismiss the Complaint for failure to state a claim, and strike the complaint from the record in its entirety.

    Respectfully Submitted,

_____/s/_____
F. Douglas Hartnett, Esq.
DC Bar No. 466851
Elitok and Hartnett at Law, LLC
2428 Wisconsin Avenue, NW, 2nd floor
Washington, DC 20007

Phone: (202) 965-0529
Facsimile: (202) 965-0530

Certificate of Service

      I, Doug Hartnett, do hereby swear and affirm that I have sent to Complainant, Mr. David Lawrence Bruce, a copy of the forgoing Motion for Summary Judgement, or in the alternative, to Dismiss for Failure to State a Claim, and Motion to strike complaint from the record. The Motion was sent by U.S. Mail, First Class, postage paid, to the following address:

David Lawrence Bruce
Carillon House, Apt. 118
2500 Wisconsin Avenue, NW
Washington, DC   20007

_____
F. Douglas Hartnett